| | |
|---|---|
| B & P ENTERPRISES OF AVOYELLES PARISH, LLC | CIVIL ACTION NO. 17-cv-0876 |
| VERSUS | UNASSIGNED DISTRICT JUDGE |
| MAHINDRA USA, INC. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

### Introduction

B&P Enterprises, LLC ("Plaintiff") filed this action against Mahindra USA, Inc. pursuant to the court's diversity jurisdiction. Plaintiff alleges that it is entitled, under Louisiana law regarding redhibition and warranty, to rescind the sale of a tractor that allegedly has a number of defects. Mahindra identified one of its employees, Theodore "Ted" Grzeskowiak as a potential expert witness. Before the court is Plaintiff's Motion to Exclude Testimony (Doc. 36) that asks the court to prohibit Mr. Grzeskowiak from offering opinion/expert testimony regarding the defects in the tractor. For the reasons that follow, the motion is denied without prejudice to re-urging after a hearing or a procedure at trial in which the relevant facts can be more fully explored.

### Relevant Facts

Plaintiff alleges that it paid more that $88,000 for a Mahindra tractor and loader combination that it purchased primarily for use in the business of farming in Avoyelles Parish. Plaintiff alleges that, within a few months after purchase, the tractor exhibited defective conditions. The complaint lists problems such as engine is hard to start, engine

will not accelerate properly, right door will not latch properly, rear hydraulic valve not functioning properly, and engine malfunctions to the extent the tractor cannot be used on the road. Plaintiff alleges that service dealers performed authorized warranty service, but the problems with the tractor continued.

Mr. Grzeskowiak is an employee of Mahindra. The company identifies him as a Senior Field Service Engineer. He inspected the tractor in December 2017 at Plaintiff's farm, in the presence of Plaintiff's representative, Plaintiff's attorney, and counsel for Mahindra. Mr. Grzeskowiak prepared a report regarding eight items/problems that were listed in Plaintiff's complaint. He noted his observations and remarks about each.

For example, Mr. Grzeskowiak found that the difficulty getting the engine to start and idle was due to a loose battery cable. The cable was tightened, and the tractor started in less than three seconds. Another claim was that the tractor could not be used on the road. Mr. Grzeskowiak observed that the tractor ran fine, and he drove it on the road for 36 minutes with no issues. Plaintiff's complaint about the exhaust being broken was confirmed, but Mr. Grzeskowiak noted that marks indicated that it was hit. He made similar assessments and observations about the other listed problems. He also made notes of a multi-point inspection of the tractor, took photographs of problem areas, and checked with two dealers who had performed work on the tractor.

Plaintiff did not submit any expert reports within the allowed deadline. Mahindra timely tendered a report from Mr. Grzeskowiak that attached the notes and photographs from his December 2017 examination. The report added, in addition to the factual observations in the report, "Based on the investigation described above and my reliance on

my experience with tractors, and other equipment and vehicles, over seventeen years, it is my opinion the complaints related to the performance of this tractor result from misuse and lack of proper maintenance of the product."

**Timeliness of the <u>Daubert</u> Challenge**

This case was originally assigned to Judge Trimble, who is now retired. He issued scheduling instructions that included a May 10, 2018 deadline to file <u>Daubert</u> motions. Plaintiff did not file a <u>Daubert</u> motion by that deadline, but it did raise the issue at a pretrial conference soon afterward on May 31, 2018. Mahindra argues that the challenge is untimely.

The scheduling order cited by Mahindra has since been vacated. A new trial date and related deadlines have been selected. The current scheduling order (Doc. 43) allows until May 6, 2019 to file <u>Daubert</u> motions or other challenges to expert testimony. Mahindra was not prejudiced by any delay in Plaintiff raising the issue. Under these circumstances, the court finds that Plaintiff has raised the issue in an adequately timely manner.

**Employee as Expert**

Federal Rule of Civil Procedure 26(a)(2) provides that a party must disclose the identity of any witness it may use at trial to present opinion/expert evidence. The rule adds that, unless otherwise stipulated or ordered, the disclosure must be accompanied by a written report if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony.

Mahindra states in its memorandum that Plaintiff argued at the pretrial conference that Mr. Grzeskowiak's testimony should be excluded or limited because he is a Mahindra employee. Defendant argues that the rule contemplates such employee-experts. Plaintiff may have raised the issue in the pretrial conference, but it appears to have abandoned the issue in its motion. The issue is not raised, so the court need not address it.

**Qualifications**

Federal Rule of Evidence 702 provides that a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion if his specialized knowledge will help the trier of fact understand the evidence or determine a fact at issue, the testimony is based on sufficient facts or data, the testimony is the product of reliable principles and methods, and the witness has reliably applied the principles and methods to the facts of the case. Plaintiff argues that Mr. Grzeskowiak is not qualified to offer opinion testimony under this rule.

The landmark Daubert v. Merrell Dow Pharmaceuticals, Inc., 113 S.Ct. 2786 (1993) focused on the admissibility of scientific expert testimony. It discussed certain factors such as testing, peer review, error rates, and acceptability in the relevant scientific community as factors that might prove helpful in determining the reliability of a particular scientific theory or technique.

The Court clarified in Kumho Tire Co., Ltd. v. Charmichael, 119 S.Ct. 1167 (1999) that Daubert's general holding applies not only to testimony based on "scientific" knowledge, but also to testimony based on technical and other specialized knowledge contemplated by Rule 702. Kumho explained that one or more of the scientific factors

from Daubert might be helpful in determining the reliability of such a witness, but the test for reliability is flexible. The law grants the trial judge the same broad latitude in deciding how to determine reliability as is afforded with respect to the ultimate reliability determination.

"As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility." Puga v. RCX Solutions, Incorporated, 914 F.3d 976, 985 (5th Cir. 2019). While the district court must act as a gatekeeper to exclude all irrelevant and unreliable expert testimony, "the rejection of expert testimony is the exception rather than the rule." Id., quoting Fed. R. Evid. 702 advisory committee's notes (2000). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." Daubert, 113 S.Ct. at 2798.

Mr. Grzeskowiak has an associate's degree from Triton College in applied sciences, automotive management. He has some other post-secondary education, but he has not earned any other degrees. He was at one time certified by the National Automotive Service Excellence, but his certification expired in 2010. His title as senior field service engineer was assigned by Mahindra and does not indicate any particular engineering education or qualifications. Thus, Mr. Grzeskowiak does not have any particular degrees or certifications that would tend to demonstrate his qualification to offer an opinion about the issues in this case.

On the other hand, Mr. Grzeskowiak's resume indicates that he has good deal of practical experience working with and troubleshooting similar equipment. He states that

he worked for Mahindra on a field service team and with in-house technical support team to diagnose engine and electrical issues. Before that, he worked for John Deere as part of a team of diesel engine experts providing technical solutions and delivering problem resolution to customers. Before that, he worked for about six years for Navistar, where he led a team to determine root cause of failure analysis on big bore diesel engines. Mahindra states in its memorandum that Mr. Grzeskowiak has many hours of service manager training that includes training related to the model at issue. He has also taught classes and conducted training sessions for Mahindra mechanics that included the function and maintenance of the model at issue. Mr. Grzeskowiak has a total of approximately 20 years of experience with major tractor, farm equipment, and diesel engine manufacturers.

It appears that much of the testimony that Mr. Grzeskowiak would offer is factual, based on his field observations, as opposed to opinion based on any form of analysis or testing. His report primarily describes what he saw and how the tractor responded to adjustments or changes that he made. His report notes: "No diagnostics were performed, inspection only." He also took photographs and checked maintenance records to learn any relevant facts. Mr. Grzeskowiak does not need to be qualified under Rule 702 to offer testimony about most, if not all, of these matters. Those are facts based on first-hand observation, not opinions.

Neither party's briefs specifically identify the opinion testimony that is being challenged. The only opinion that the court sees is that quoted above, regarding Mr. Grzeskowiak's assessment that Plaintiff's complaints about the performance of the tractor were caused by misuse and lack of proper maintenance. It is not necessary for a skilled

mechanic or troubleshooter to have a Ph.D. or other certification to offer an opinion about a matter. It may be that Mr. Grzeskowiak has adequate specialized knowledge and experience that a trial judge would find him qualified to offer the opinion stated in his report. See Puga, 914 F.3d at 985-87 (state trooper who investigated auto accident allowed to offer opinion regarding causation).

The undersigned is reluctant to offer a final ruling on that issue at this stage of the case for two reasons. First, this case is not currently assigned to a district judge, and that judge will have a great deal of discretion in determining how to assess Mr. Grzeskowiak's qualifications and whether Mr. Grzeskowiak is in fact qualified to offer an opinion. Reasonable minds could differ on how to approach those issues, and it is best that the judge who tries the case make the final assessment. Second, the record relevant to this issue would benefit from a more detailed examination of Mr. Grzeskowiak's field experience and training. What was recited above comes largely from his resume or representations in Mahindra's memorandum and has not been explored in detail.

For these reasons, **Plaintiff's Motion to Exclude Testimony (Doc. 36)** is **denied**, but **without prejudice** to the right of Plaintiff to challenge Mr. Grzeskowiak's ability to offer opinion testimony at trial. Plaintiff may re-urge the issue at an appropriate time before the district judge who is later assigned to this case.

THUS DONE AND SIGNED in Shreveport, Louisiana, this the 13th day of March, 2019.

Mark L. Hornsby
U.S. Magistrate Judge